## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **DOMINIQUE TAVON BRADFORD,** ) | Civil Action No. 7:14-cv-00018 | |
|     **Plaintiff,** ) | | |
| ) | | |
| **v.** ) | **MEMORANDUM OPINION** | |
| ) | | |
| **KIRK MILAM,** ) | **By:** Hon. Michael F. Urbanski | |
|     **Defendant.** ) | United States District Judge | |

Dominique Tavon Bradford, a Virginia inmate proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 that names criminal defense attorney Kirk Milam as the sole defendant. Plaintiff alleges that Kirk Milam will not visit Plaintiff in jail to discuss Plaintiff's criminal prosecution.

Plaintiff may not proceed against Kirk Milam via § 1983 because Plaintiff's criminal defense attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988) (a defendant to a § 1983 action must of violated a federal right while under color of state law); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (a private attorney does not act under color of state law); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (same for a court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (same for a public defender). Accordingly, Plaintiff is granted leave to proceed in forma pauperis, and the Complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

                                                      Entered: January 23, 2014

                                                      */s/ Michael F. Urbanski*

                                                      Michael F. Urbanski
                                                      United States District Judge